IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.

Dated: July 15, 2013.



_____
CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 12-52079G |
| SIDRONIO ORTEGON SANCHEZ and | § | |
| BLANCA EDITH VALDEZ-SANCHEZ | § | |
| DEBTOR | § | |
| | § | |
| AMERIPRO FUNDING, INC. | § | |
| MOVANT | § | |
| | § | |
| Vs. | § | |
| | § | |
| SIDRONIO ORTEGON SANCHEZ and | § | |
| BLANCA EDITH VALDEZ-SANCHEZ | § | CHAPTER 13 |

AGREED ORDER CONDITIONING AUTOMATIC STAY

TO THE HONORABLE UITED ATATES BANKRUPTCY COURT:

Came on for consideration the Motion for Relief from Stay filed by AMERIPRO FUNDING, INC. (hereinafter MOVANT), a secured creditor in the above entitled and numbered cause and the Debtor, Sidronio Ortegon Sanchez and Blanca Edith Valdez-Sanchez, by and

through thier attorney, Todd Malaise, having announced that they have reached an agreement whereby the automatic stay of 11U.S.C. § 362 should be continued in effect, pending the entry of the Discharge Order in Debtor's main bankruptcy case, with regard to Movant and the property on the terms and subject to the exceptions set out in this Order and it appearing that due notice of said Motion having been properly given and the Court, having considered said Motion and the agreement of counsel, is of the opinion that the following Agreed Order should be entered. It is therefore,

ORDER, ADJUDGED, and DECREED that the Automatic Stay provided by 11 U.S.C. §362 shall remain in effect pending the entry of the Discharge Order in, or the dismissal of, Debtors main bankruptcy case, subject to the exceptions set out in this Order, and shall remain in effect provided Debtor complies with the following conditions:

1. **AUTOMATIC STAY**: The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect, except as provided below.

2. **CURRENT MONTHLY PAYMENTS**: Debtor shall continue to remit to the Movant the regular post-petition monthly payments beginning July 01, 2013, and continue said payments thereafter pursuant to that certain Note and Deed of Trust dated June 12, 2012.

3. **MODIFY PLAN**: Debtor shall have 30 days from the date of the hearing or before July 03, 2013 to modify Debtor's Chapter 13 Plan to include all post-petition arrearages and attorney's fees and costs in the total amount of $6,892.52 to be paid by the Chapter 13 Trustee through the Debtor's Chapter Plan. Said total amount consists of post-petition payments for months of March 01, 2013 through June 01, 2013 and additional fees and costs detailed as follows:

| | | |
|---|---|---|
| Monthly Payment Amount: | $1,554.13 x 4 | $6,216.52 |
| Attorney Fess: | | $500.00 |
| Costs: | | $176.00 |
| Amount Due: | | $6,892.52 |

The "Post-Petition Arrearage" specified herein shall constitute an additional arrearage claim filed by movant ("Additional Claim") in the bankruptcy proceeding and is hereby allowed by the Court. If the Chapter 13 plan has been previously confirmed by the Court under 11 U.S.C. Section 1325 ("Confirmed Plan"), Debtor shall promptly modify the Plan, and the Chapter 13 Trustee shall make no distributions to Movant on the Additional Claim until Debtor has filed a modification of the Confirmed Plan pursuant to 11 U.S.C. Section 1329 ("Post-Confirmation Modification"), served the Post-Confirmation Modification on all parties in interest entitled to notice, and obtained an Order from the Court approving the Post-Confirmation Modification. If the Plan has not been previously confirmed by the Court, the Debtor shall promptly modify the Plan prior to confirmation pursuant to 11 U.S.C. 1323 to provide for the Additional Claim. The Chapter 13 Trustee reserves the right to object to a modification.

4. **PAYMENTS TO TRUSTEE**: Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date this Order is signed by the Bankruptcy Judge.

5. **PROOF OF PAYMENTS**: Debtor shall have 30 days from June 03, 2013 or

until July 03, 2013 to provide proof of disputed payments. Proof shall consist of a copy of the front and back of a negotiable instrument that has been paid to Movant by the institution on which it has been drawn and has not been credited by Movant to Debtor's account. If said proof is provided by July 03, 2013, then AMERIPRO FUNDING, INC. shall credit Debtor's account with said payments. If said proof is not provided to Movant the Debtor must tender to Movant the amount of $6,892.52 as stated above net of payments received and said net amount becomes due and owing under the terms stated in the Modify Plan Paragraph.

6. **DISCHARGE**: Notwithstanding any provision hereof, the automatic stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

7. **CONVERSION TO CHAPTER 7**: The payments terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payments schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the Note and Deed of Trust shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

8. **EFFECT OF NON-SUFFICIENT FUNDS**: Tendering of a check to Movant by Debtor which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn or due to any other reason shall not constitute a payment as required by the terms of this order and is an event of default.

9. **DEFAULT**: In the event Movant does not receive any payments by the dates set forth in the Current Monthly payments Paragraph or if Debtor fails in Modify Plan Paragraph or Debtor does not remit the payments set forth in the Payments to Trustee Paragraph above, or in the event Debtor converts to Chapter 7 as set forth in the Conversion to Chapter 7 Paragraph, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtor and Counsel for Debtor allowing Debtor 10-day period from the date of such written notice to cure such delinquent payments. Cure payments must be made by certified funds only and Movant may charge Debtor $50.00 for any notice given pursuant to this Order. In the event Debtors fail to cure such delinquent payments within such 10- day period or in the event Debtors become delinquent after two (2) notices of default, the Automatic Stay of 11 U.S.C. §362 shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral described as follows:

> **Lot 2, Block 2, New City Block 18964, DE ZAVALA TEN SUBDIVION Unit 2, in the city of SAN ANTONIO, BEXAR COUNTY, TEXAS, according to PLAT thereof Recorded in VOLUME 9529, PAGE(S) 38-40, DEED and PLAT Records of BEXAR COUNTY, TEXAS.**

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

IT IS FURTHER STIPULATED that upon default, Movant shall notify the Court, Debtor, Attorney for Debtor and the Chapter 13 Trustee the Automatic Stay has been terminated. The Notice of Termination of Stay shall constitute a request that the Chapter 13 Trustee cease disbursement on the claim(s) filed by movant regarding the above Property. Should such Notice of Termination of Stay be withdrawn or vacated, the Chapter 13 Trustee shall resume disbursements on the claim(s) to Movant as provided by the previous orders of the Court.

###

Approved to Form and Substance:

/s/ *(signature)*

J. Todd Malaise, SBN 00796984
David C. Werner, SBN 00797651
Kristina L. Gonzales, SBN 24065306
Steven G. Cennamo, SBN 04045600
MALAISE LAW FIRM
909 NE Loop 410, Suite 300
San Antonio, Texas 78209
Telephone: (210) 732-6699
Telecopier: (210) 732-5826
ATTORNEY FOR DEBTOR

*(signature)*

Benjamin R. Adziak
State Bar No.: 10383550
Black, Mann & Graham, L.L.P.
2905 Corporate Circle
Flower Mound, TX 75028
Telephone: (469) 635-8218
Facsimile: (972) 221-9316
ATTORNEY FOR MOVANT

---

Mary K. Viegelahn
Chapter 13 Trustee
909 N.E. Loop 410, Suite 400
San Antonio, TX 78209

Approved to Form and substance:

/s/_____
J. Todd Malaise, SBN 00796984
David C. Werner, SBN 00797651
Kristina L. Gonzales, SBN 24065306
Steven G. Cennamo, SBN 04045600
MALAISE LAW FIRM
909 NE Loop 410, Suite 300
San Antonio, Texas 78209
Telephone: (210) 732-6699
Telecopier: (210) 732-5826
ATTORNEY FOR DEBTOR

_____
Benjamin R. Adziak
State Bar No.: 10383550
Black, Mann & Graham, L.L.P.
2905 Corporate Circle
Flower Mound, TX 75028
Telephone: (469) 635-8218
Facsimile: (972) 221-9316
ATTORNEY FOR MOVANT

_____
Mary K. Viegelahn
Chapter 13 Trustee
909 N.E. Loop 410, Suite 400
San Antonio, TX 78209

David Van Zyl
P39875
Staff Attorney

David Van Zyl
P39875
Staff Attorney